ORIGINAL

FILED
MAY 30 2006
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS H. MCGANN and EVELYN G. MCGANN | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 06-430 T |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs Thomas H. McGann and Evelyn G. McGann ("Plaintiffs" or the McGanns") are citizens of the United States of America whose address is 512 West Wind Drive, Bernyn, PA, 19312.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1993)

5. Thomas H. McGann and Evelyn G. McGann filed a timely joint federal income tax return for calendar year 1993 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-9326 and XXX-XX-4198.

6. Thomas H. McGann was a limited partner in Rancho Madera Partners ("RMP"), a California limited partnership.

7. RMP dissolved and terminated.

8. On May 24, 2002, the McGanns filed with the IRS a claim in the amount of $5,961.00 for refund of tax due to the loss they realized on the termination of RMP.

9. On May 27, 2004, the IRS disallowed that claim.

10. The McGanns asserted the following grounds for recovery in their refund claim, which are incorporated and restated as follows:

A. Rancho Maderal Partners was a partnership which dissolved and terminated in 1993. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. The partnership filed its 1993 Form 1065 and Schedule K-1s reflecting that each partner was to receive a small distribution upon termination of the partnership. This was erroneous. The partners, including Plaintiffs, received nothing.

C. A Tax Court decision was entered for 1986 that resulted in a reduction in the Partnership's allowable 1986 losses.

D. As a direct consequence of the adjustments to the partnership items of this Partnership there was a substantial basis in the partnership interest and a resulting loss upon the dissolution and termination of the partnership, which loss is the basis of this claim for refund.

E. Basis Adjustments:

| | |
|---|---|
| 1986 losses disallowed | $17,805.00 |
| Ending Basis Before Adjustment for Disallowed Losses | 351.00 |
| Recomputed Basis and Loss on Dissolution | $18,156.00 |

F. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the settlement.

G. This claim is timely pursuant to §6230(c)(2)(B) because it was made within two years after the date of the Tax Court decision.

H. Pursuant to Rev. Rul. 93-80, excerpts attached, under these circumstances the partner realizes an ordinary rather than capital loss. Furthermore, because the termination is a cessation of the activity, the loss is not a passive loss.

11. Over six (6) months have elapsed since the McGanns filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

12. The McGanns are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1993)

13. Thomas H. McGann and Evelyn G. McGann filed a timely joint federal income tax return for calendar year 1993 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-9326 and XXX-XX-4198.

14. Thomas H. McGann was a limited partner in RMP, a California limited partnership.

15. RMP dissolved and terminated.

16. On November 13, 2003 the McGanns filed with the IRS an alternative claim in the amount of $4,677.00 for refund of tax due to the loss they realized on the termination of RMP.

17. On JUNE 3, 2004, the IRS disallowed that alternative claim.

18. The McGanns asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. Rancho Maderal Partners was a partnership which dissolved and terminated in 1993. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. The partnership filed its 1993 Form 1065 and Schedule K-1s reflecting that each partner was to receive a small distribution upon termination of the partnership. This was erroneous. The partners, including Plaintiffs, received nothing.

C. A Tax Court decision was entered for 1986 that resulted in a reduction in the Partnership's allowable 1986 losses.

D. As a direct consequence of the adjustments to the partnership items of this Partnership there was a substantial basis in the partnership interest and a resulting loss upon the dissolution and termination of the partnership, which loss is the basis of this claim for refund.

E. Plaintiffs were advised that the IRS agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the taxpayers did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon final termination of the partnership interest.

F. The claim for 1996 is the carryover of the portion of the long term capital losses that could not be used in prior years.

G. Basis adjustment and loss recognized based on the above explanation: $17,805.00

| | | |
|---|---|---|
| Note: | Loss usable in 1993 is | $4,920.00 |
| | Loss usable in 1994 is | -0.- |
| | Loss usable in 1995 is | $1,442.00 - but no claim being filed |
| | Loss usable in 1996 is | $11,443.00 |

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiffs' claim also includes a request to apply §6621(d) to any periods of overlapping underpayments or overpayments for the periods set forth, if §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1994, to the date to which interest was paid on the deficiency, the excess

interest paid during that period should be refunded if the overpayment is not applied to the 1986 tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

19. Over six (6) months have elapsed since the McGanns filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

20. The McGanns are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT THREE
(Calendar Year 1996)

21. Thomas H. McGann and Evelyn G. McGann filed a timely joint federal income tax return for calendar year 1996 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-9326 and XXX-XX-4198.

22. Thomas H. McGann was a limited partner in RMP, a California limited partnership.

23. RMP dissolved and terminated.

24. On November 13, 2003 the McGanns filed with the IRS an alaternative claim in the amount of $1,036.00 for refund of tax due to the loss they realized on the termination of RMP.

25. The McGanns asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. Rancho Maderal Partners was a partnership which dissolved and terminated in 1993. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. The partnership filed its 1993 Form 1065 and Schedule K-1s reflecting that each partner was to receive a small distribution upon termination of the partnership. This was erroneous. The partners, including Plaintiffs, received nothing.

C. A Tax Court decision was entered for 1986 that resulted in a reduction in the Partnership's allowable 1986 losses.

D. As a direct consequence of the adjustments to the partnership items of this Partnership there was a substantial basis in the partnership interest and a resulting loss upon the dissolution and termination of the partnership, which loss is the basis of this claim for refund.

E. Plaintiffs have been advised that the IRS has agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the taxpayers did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon final termination of the partnership interest.

F. The claim for 1996 is the carryover of the portion of the long term capital losses that could not be used in prior years.

G. Basis adjustment and loss recognized based on the above explanation: $17,805.00

| | | |
|---|---|---|
| Note: | Loss usable in 1993 is | $4,920.00 |
| | Loss usable in 1994 is | -0.- |
| | Loss usable in 1995 is | $1,442.00 - but no claim being filed |
| | Loss usable in 1996 is | $11,443.00 |

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiffs' claim also includes a request that the Secretary apply §6621(d) to any period of overlapping underpayments or overpayments for the periods set forth, if §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1994, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1986 tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

26. Over six (6) months have elapsed since the McGanns filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

27. The McGanns are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Thomas H. McGann and Evelyn G. McGann pray for judgment against the Defendant the United States of America in the amount of $5,961.00, or in the alternative for $5713.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)